UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

WORLD TRADE CENTERS ASSOCIATION, INC.,

                   Plaintiff,

              - against -

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

                   Defendant.

------------------------------------------------------------------------- X

No. 15-CV-7411 (LTS) (AJP)

SURREPLY IN SUPPORT OF DEFENDANT, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S RESPONSE TO REPLY BY PLAINTIFF WORLD TRADE CENTERS ASSOCIATION, INC.'S, FED. R. CIV. P. RULE 72 OBJECTION TO <u>JANUARY 4, 2017 ORDER REGARDING DEFENDANT'S WAIVER OF PRIVILEGE</u>

                                        DLA PIPER US LLP
                                        Leon Medzhibovsky
                                        Joseph Kernen
                                        1251 Avenue of the Americas
                                        New York, New York  10020
                                        (212) 335-4500

                                        Attorneys for Defendant, The Port Authority of
                                        New York and New Jersey

Dated:  February 21, 2017

The Port Authority of New York and New Jersey ("the Port Authority") respectfully submits this Surreply in response to the World Trade Centers Association, Inc.'s Reply in Support of their Federal Rule of Civil Procedure 72 Objection to the January 4, 2017 Order Regarding Defendant's Waiver of Privilege.

WTCA again attempts, and fails, to meaningfully create a distinction between disclosure and use given the Rule 502(d) Order and facts at issue in this case.

In Section I of their Reply, WTCA seeks to parse the Rule 502(d) Order differently than Judge Peck did—which strains credulity, since Judge Peck drafted and entered the Rule 502(d) Order in this case and routinely interprets identical orders.  (Pl.'s Ex. 3; *see* Judge Peck's Model Rule 502(d) Order, at http://www.nysd.uscourts.gov/judge/Peck.)   In support of its contorted argument, WTCA turns to the Congressional Record, highlighting certain words to convey an incorrect interpretation—that *any* use waives privilege under Rule 502(d).  This is plainly not correct, as the cases discussed in the Port Authority's Response brief and the Congressional Record demonstrate.  For the Court's ease, the pertinent paragraph of the Statement of Congressional Intent partially is as follows:

> [Rule 502(d)] authorizes a court to enter orders only in the context of litigation pending before the court.  And it does not alter the law regarding waiver of privilege resulting from having acquiesced in the use of otherwise privileged information.  Therefore, [Rule 502(d)] does not provide a basis for a court to enable parties to agree to a selective waiver of privilege, such as to a federal agency conducting an investigation, while preserving the privilege as against other parties seeking the information.  [Rule 502(d)] is designed to enable a court to enter an order . . . that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, ***while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery***.  While the benefits of a court order under this subdivision would be equally available in government enforcement actions as in private actions, acquiescence by the disclosing party in use by the federal agency of information disclosed pursuant to such an order would still be treated as under current law for purposes of determining whether the acquiescence in use of the information, as opposed to its

> mere disclosure, effects a waiver of the privilege.  The same applies to acquiescence in use by another private party.

Cong. Record, Sept. 8, 2008, H7817, H7819 (emphasis added).  As shown in the bolded portion of the above quote, "use in litigation of information disclosed in discovery" *is* protected under Rule 502.  While the Port Authority acknowledges that Rule 502 does not apply to *all* "uses of information—such as routine use in government publications—that fall outside the evidentiary context," it certainly applies to the inadvertent use of a privileged document in a deposition by opposing counsel, which is plainly an "evidentiary context."  *Id*.  To hold otherwise would morph Rule 502(d)'s protection against privilege waiver—which enables efficient electronic production without extended privilege review—into a rule that would encourage opposing counsel to race to a deposition with a document whose privilege is not clear on its face, in order to obtain waiver.  This is not the intent of Rule 502(d).

WTCA also returns to the *Amtrak* case, which concerned intentional waiver and, as the Court noted, "gamesmanship" by the party asserting privilege, in stark contrast to the facts at issue here.[1]  *Certain Underwriters at Lloyd's, London v. Nat'l Railroad Passenger Corp.*, No. 14-cv-4717, 2016 WL 6875968, at *4 (E.D.N.Y. Nov. 17, 2016).  The Congressional Record again distinguishes this type of use, finding that Rule 502 does not protect "a party's strategic use in litigation of otherwise privileged information," and will not protect a party who uses an attorney-client communication to its advantage from intentional waiver. Cong. Record, Sept. 8, 2008, H7817, H7818.  As discussed at length in our Response, the Port Authority did not intentionally waive its privilege, and promptly took reasonable steps to rectify its inadvertent

---

[1] WTCA cites one new case in its Reply, *Fodelmesi v. Schepperly*, No. 87-cv-6762 (KMW), 1990 WL 115607 (S.D.N.Y. Aug. 10, 1990), but this ruling predates the passage of Federal Rule of Evidence 502(d) by approximately 18 years, and does not concern an analogous

disclosure, even under Rule 502(b) standards. Such actions are *exactly* the type of use protected under Rule 502(d). *See* Cong. Record, Sept. 8, 2008, H7817, H7819.

In Section II of its Reply, WTCA seems to argue that the Port Authority did not cite cases in support of its assertion that the "completely reckless" standard is the correct standard to apply. However, as admitted by WTCA, the Port Authority has cited *numerous* cases in support of the completely reckless standard, and WTCA's attempt to classify these cases as applicable to "inadvertent production, not use," is, for the reasons discussed above, not persuasive.[2] *See* Pl.'s Reply at 5-6. While WTCA is correct that a simple search for "502(d)" will return no results in *HSH Nordbank AG New York Branch v. Swerdlow*, 259 F.R.D. 64 (S.D.N.Y. 2009), the court in that case specifically noted that a protective order governing the return of privileged materials that were inadvertently produced was signed and entered by the court. *Id*. at fn 4. Similarly, in *U.S. Commodity Futures Trading Com'n*, No. 11-cv-3543 (WHP), 2014 WL 2116147 (S.D.N.Y. May 14, 2014), the court applied the "completely reckless" standard to a protective order that contains an inadvertent waiver provision. *Id*. at *4. The Court should reject WTCA's attempt to cast aside cases directly on point because they do to use WTCA's artificial "use" distinction or because they do not contain magic searchable words.

In Section III, WTCA argues that the "Memo contains several pieces of information that should have put the Port Authority on notice that the Memo might be privileged." Pl.'s Reply at 8. However, for several weeks, with reference only to the face of the Memo, WTCA argued that the Memo was not privileged. WTCA's after-the-fact reference to features of the Memo that

---

protective order between the parties. In short, this case is wholly irrelevant to the interpretation of Rule 502(d) at the center of Judge Peck's ruling.

[2] Contrary to WTCA's allegations, the Port Authority did not insinuate that the Second Circuit has decided definitively that the waiver standard applies; indeed, the Port Authority specifically argued that the law on this issue is developing. *See* Def.'s Resp. § II(B).

3

they now claim make it appear privileged is not only wrong, but disingenuous.  Indeed, if WTCA really believed that the Memo on its face appeared privileged, it was required to voluntarily return it to the Port Authority because it was inadvertently disclosed under the Rule 502(d) Order, not keep it a secret and spring it on the Port Authority for the first time in a deposition. But WTCA did not voluntarily return the Memo because it did not and does not appear privileged on its face; to argue otherwise smacks of "gamesmanship," which this Court, like the court in *Amtrak*, should not sanction.

WTCA's remaining arguments reiterate those already addressed extensively in the Port Authority's Response, but, in a nutshell: the Port Authority's clawback of the Memo is governed by the Rule 502(d) Order; even if not governed by the Rule 502(d) Order, the Port Authority was not "completely reckless" in disclosing the Memo, which both parties agree was not privileged on its face, and promptly clawing it back; even if the Rule 502(b) test applies, the Port Authority's dutiful research of the origins of the Memo, its subsequent discovery that it is privileged, and its prompt notification to opposing counsel after the Memo appeared once in a deposition counsels for clawback; and, if case law is mixed on a point of law, then Judge Peck's holding cannot be overturned as contrary to law.

For the foregoing reasons, and those contained in the Port Authority's Response, WTCA has failed to establish that Judge Peck's ruling was either contrary to law or clearly erroneous in concluding that the Port Authority did not waive its privilege of the Memo.  *See Thai Lao Lignite (Thailand) Co. v. Government of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511–12 (S.D.N.Y. 2013) (describing the contrary to law and clearly erroneous standard as a "highly deferential standard," in which "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused.") (internal

5

quotations omitted). The Port Authority respectfully requests that the Court to uphold Judge Peck's ruling.

Dated: New York, New York
      February 21, 2017

                                  DLA PIPER US LLP

                                  By: __/s/*Leon Medzhibovsky*_____
                                        Leon Medzhibovsky
                                        Joseph Kernen
                                        1251 Avenue of the Americas
                                        New York, New York 10020
                                        (212) 335-4500
                                        Attorneys for The Port Authority of
                                        New York and New Jersey

## CERTIFICATE OF SERVICE

I certify that on February 21, 2017, a copy of the Surreply in Support of Defendant, The Port Authority of New York and New Jersey's, Response to Plaintiff, World Trade Centers Association, Inc.'s, Fed. R. Civ. P. Rule 72 Objection to January 4, 2017 Order Regarding Defendant's Waiver of Privilege was filed electronically and copies of documents filed under seal will be sent by email to plaintiff's counsel of record.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated:  February 21, 2017                              /s/*Leon Medzhibovsky*_____
                                                                         Leon Medzhibovsky