UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WORLD TRADE CENTERS
ASSOCIATION, INC.,

      Plaintiff,

  -v-                                                    No. 15 CV 7411-LTS-RWL

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

      Defendant.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

In this action concerning the rights to use WORLD TRADE CENTER and related trade and service marks in connection with real estate, trade promotion, merchandising, and other activities, World Trade Centers Association, Inc. ("Plaintiff" or "WTCA") asserts claims against the Port Authority of New York and New Jersey ("Defendant" or the "Port Authority") for trademark infringement (First Claim for Relief) and unfair competition and false designation of origin (Second Claim for Relief) under the Lanham Act, trademark infringement under New York common law (Third Claim for Relief), unfair competition under New York common law (Fourth Claim for Relief), and breach of contract (Fifth and Sixth Claims for Relief), and seeks a declaration confirming that Defendant is bound by two licensing agreements that restrict it from affixing the relevant trademarks to goods without WTCA's consent (Seventh Claim for Relief). (Am. Compl., Docket Entry No. 134.) Defendant asserts counterclaims for a declaration that it has not infringed upon the subject marks (First Counterclaim), a declaration that it has not breached the relevant licensing agreements (Second Counterclaim), a declaration that it is the owner of the relevant service and trademarks and has the right to use them without Plaintiff's

interference (Third Counterclaim), the cancelation of Plaintiff's federal service mark registration (Fourth Counterclaim),  an order enjoining Plaintiff from prosecuting several pending federal trademark registration applications (Fifth Counterclaim), and breach of contract (Sixth Counterclaim).  (Am. Counterclaims, Docket Entry No. 133.)

On December 18, 2018, the Court entered a Memorandum Opinion and Order which granted WTCA's motion for summary judgment in part and denied it in part and granted the Port Authority's cross-motion in part and denied it in part (the "Summary Judgment Opinion," Docket Entry No. 222[1]).  WTCA and the Port Authority each move for reconsideration of portions of the Summary Judgment Opinion.  (Docket Entry Nos. 228 and 230.)

As relevant to the current motion practice, the Port Authority's Fourth Counterclaim seeks to cancel WTCA's federal registration for the WORLD TRADE CENTER service mark (Registration No. 1,469,489), because (1) it was void ab initio, (2) it was procured through fraud, and (3) it was abandoned through uncontrolled licensing.  See 15 U.S.C. §§ 1119, 1064.  WTCA moved for summary judgment dismissing "in part" the Port Authority's Fourth Counterclaim and the Port Authority moved for summary judgment in its favor on all aspects of the Fourth Counterclaim.  (Docket Entry Nos. 146 and 162.)

The Court found material issues of fact with respect to whether the service mark should be canceled because it was procured based upon WTCA's allegedly fraudulent declaration to the United States Patent and Trademark Office ("PTO") that it believed that "no

---

[1]     The Summary Judgment Opinion was filed on the public docket in partially redacted form pending the Court's determination on the parties' motion to seal.  (Docket Entry No. 236.)

other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when applied to the services of such other person, to cause confusion, or cause mistake, or to deceive; [and] that said mark has been used substantially exclusively and continuously by applicant for said services in interstate commerce for at least the five years next proceeding [sic] the date of this application and has become distinctive of applicant's services in such commerce."[2] (Federal Service Mark Application, Docket Entry No. 149-22, at 3-4.) The Court determined that the record contained evidence that would permit a factfinder to render a verdict in favor of either party and, therefore, denied summary judgment to both parties and preserved the issue for trial. (Summary Judgment Opinion at 43-44.) The Court deemed the two remaining aspects of the Fourth Counterclaim abandoned and granted Plaintiff summary judgment dismissing them and, correspondingly, denied the Port Authority's motion for summary judgment in its favor on this issue. (Id. at 42 n.22.)

WTCA moves for reconsideration of the Court's denial of its motion for summary judgment dismissing the Port Authority's Fourth Counterclaim as it relates to alleged procurement of the federal service mark through fraud. The Port Authority moves for reconsideration of the Court's grant of summary judgment dismissing the aspect of the Fourth Counterclaim alleging that the service mark should be canceled as abandoned through uncontrolled licensing.

---

[2] In addition to its counterclaim that WTCA fraudulently declared that it knew of no party with a superior right to the service mark, the Port Authority's Fourth Counterclaim also included an allegation that WTCA stated a fraudulent date of first use in commerce. The Court granted summary judgment dismissing this second theory of fraud. (Summary Judgment Opinion at 43.)

The Court has considered the submissions of both parties carefully and, for the following reasons, grants the Port Authority's motion and denies WTCA's motion.

Familiarity with the facts and prior decisions in this case is presumed.

Reconsideration[3] is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). Such a motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).

With respect to Plaintiff's motion, WTCA asserts that (1) the evidence in the record would not permit a reasonable factfinder to conclude that WTCA acted with the scienter required to establish fraud, (2) that controlling law requires that the actual human declarant, rather than a corporate trademark applicant, individually exhibit the requisite scienter, and (3)

---

[3] WTCA's notice of motion states that its motion is made pursuant to Federal Rule of Civil Procedure 59(e). Although the Port Authority correctly observes that Rule 59(e) is only applicable to motions to alter or amend a final judgment, the Court construes WTCA's motion as being brought pursuant to Local Civil Rule 6.3, which is examined under the same standard. See Harris v. Millington, 613 Fed. App'x 56, 58 (2d Cir. 2015).

that the federal service mark was neither identical to the purportedly superior marks used by the individual world trade centers nor close enough in resemblance so as to cause confusion or mistake.

In the Summary Judgment Opinion, the Court determined that WTCA's knowledge of purported superior rights held by other world trade centers and evidence that one of WTCA's senior staff members felt uncomfortable[4] about the application could enable a reasonable factfinder to conclude that WTCA acted with the requisite scienter to support a claim to cancel the service mark. WTCA has not met its burden to demonstrate that the Court overlooked facts in the record sufficiently warranting reconsideration.

WTCA next contends that the Court incorrectly analyzed WTCA's scienter by reference to the corporate applicant, rather than examining the scienter of the individual who signed the allegedly fraudulent declaration and application to the PTO. This argument was not proffered during the original summary judgment motion practice[5] and WTCA has not identified

---

[4] The Court acknowledges a clerical error, naming the wrong WTCA officer as the person who felt uncomfortable about the service mark application in the analysis section of its Summary Judgment Opinion, although the officer was correctly identified the Court's recitation of the facts. See Avis Budget Car Rental, LLC v. JD2 Envtl., Inc., No. 12-CV-5010 (PKC), 2016 WL 3248328, at *2 (E.D.N.Y. June 13, 2016) (finding that clerical errors incorrectly identifying a person's employer were not substantive, based on correct statements elsewhere, and, thus did not warrant reconsideration); (Summary Judgment Opinion at 8, 44). The Court confirms that this error does not affect the Court's substantive analysis. This clerical error will be corrected in the final public filing of the Summary Judgment Opinion. See supra n.1.

[5] In its summary judgment papers, WTCA addresses scienter both in terms of Tozzoli, WTCA's declarant, and WTCA itself, without any legal argumentation as to why the Court should examine only Tozzoli's personal scienter. (See Pl.'s Mem. in Supp. of its Mot. for Summ. J., Docket Entry No. 147, at 32 (discussing Tozzoli's intent); see also Pl.'s Reply Mem. in Supp. of its Mot. for Summ. J. and Opp'n to Def.'s Mot. for Summ. J., Docket Entry No. 172, at 37-38 (discussing WTCA's intent).)

any binding precedent mandating such an analysis. WTCA primarily relies upon In re Bose Corp., 580 F.3d 1240, 1246 (Fed. Cir. 2009), for this proposition. Although the Second Circuit adopted In re Bose Corp. in holding that scienter is only met if an applicant actually knew, rather should have known, that its representations to the PTO were false, it did not have occasion to determine whether scienter should be considered from the point of view of a corporate applicant or the individualized intent of its human declarant. See MPC Franchise, LLC v. Tarntino, 826 F. 3d 653, 659 (2d Cir. 2016). Because WTCA's argument was first raised on reconsideration and fails to identify any controlling authority overlooked by the Court, this aspect of WTCA's motion is denied.

Finally, WTCA contends that the Court should have dismissed the fraud aspect of the Fourth Counterclaim because a reasonable trier of fact could not have concluded that any of the purportedly superior marks of the individual world trade centers, were of "identical form or in such near resemblance as to be likely to cause confusion, or to cause mistake, or to deceive."[6] Tarntino, 826 F.3d at 661 (internal quotation marks, alterations, and citations omitted); see also 15 U.S.C. § 1051(a)(3)(D). The federal service mark at issue covers "association services," "namely, fostering and promoting world trade and international business relationships." (Federal Service Mark Application at 1-2.) Although the Port Authority has not proffered any evidence that another party held rights in a similar mark for association services, the Port Authority has raised a genuine issue of material fact as to whether the myriad of services that were provided by

---

[6] WTCA asserts that the Port Authority must demonstrate that superior marks were for the "same or substantially identical goods or services" as those claimed by the federal service mark, relying on Intellimedia Sports Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203, 1207 (T.T.A.B. 1997). To the extent any conflict exists between these standards, the Court is, however, bound to apply the standard set forth by the Second Circuit in Tarntino, and which is also reflected in the operative statute, see 15 U.S.C. §1051(a)(3)(D), and WTCA's declaration.

various individual world trade centers to promote and foster world trade and international business were similar enough so as to cause confusion with the WTCA's federal service mark. Accordingly, reconsideration is denied as to this aspect of the Fourth Counterclaim.

The Court next turns to the Port Authority's motion for reconsideration of the Court's decision to grant WTCA's motion for summary judgment dismissing the Port Authority's cause of action, contained within the Fourth Counterclaim, to cancel the federal service mark based on WTCA's purported abandonment of the mark through uncontrolled licensing. Although WTCA's notice of motion did not explicitly specify which aspects of the Fourth Counterclaim it sought dismissal for, WTCA acknowledged in its brief that it had "not moved on [the abandonment through uncontrolled licensing counterclaim], given [its] fact-specific nature." (Pl.'s Reply Mem. in Supp. of its Mot. for Summ. J. and Opp'n to Def.'s Mot. for Summ. J. at 172, at 5.) The Court erroneously dismissed this aspect of the counterclaim as abandoned because the Port Authority advanced no argument on this point, even in support of its own motion for summary judgment on this aspect of the counterclaim.

WTCA contends that, notwithstanding this error, the Court should decline to reinstate this aspect of the Fourth Counterclaim because the Port Authority moved for summary judgment in its own favor on this aspect of the counterclaim without supplying any argumentative support and because the Port Authority is precluded from challenging the validity of this service mark by the doctrine of licensee estoppel. The Port Authority's failure to provide any argumentation in support of its motion for summary judgment to cancel WTCA's service mark does not provide a basis to dismiss the counterclaim, the issue is simply left to be decided at trial. WTCA's decision not to move for summary judgment on this aspect of the Port

Authority's counterclaim[7] precludes the Court from entertaining such dismissal based on its licensee estoppel defense on reconsideration. Accordingly, the grant of summary judgment in WTCA's favor, dismissing the Port Authority's claim that the service mark registration should be cancelled as abandoned through uncontrolled licensing, is vacated, and this claim and WTCA's defense of licensee estoppel are preserved for trial.[8]

CONCLUSION

For the foregoing reasons, the Court denies WTCA's motion for reconsideration and grants the Port Authority's motion. The Court's grant of summary judgment in WTCA's favor dismissing the aspect of the Port Authority's Fourth Counterclaim that seeks to cancel the federal service mark as abandoned through uncontrolled licensing is vacated and that claim is reinstated.

---

[7] Although WTCA did assert the licensee estoppel defense against the abandonment counterclaim, WTCA failed to exercise its right to move for summary judgment dismissing the counterclaim based on that defense. (Pl.'s Reply Mem. in Supp. of its Mot. for Summ. J. and Opp'n to Def.'s Mot. for Summ. J, at 4.)

[8] The Court's denial of the aspect of the Port Authority's motion for summary judgment that sought cancellation of the service mark registration as abandoned through uncontrolled licensing will not be disturbed.

This case remains referred to Magistrate Judge Lehrburger for general pre-trial management.

This Memorandum Opinion and Order resolves Docket Entry Nos. 228 and 230.

SO ORDERED.

Dated: New York, New York
May 23, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge